IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LUTHER LEEVAN JACKSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv46 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Luther Leevan Jackson, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

In July 22, 2009, in the 145th Judicial District Court of Nacogdoches County, Texas, petitioner was convicted of aggravated sexual assault. *See* Texas Department of Criminal Justice, Correctional Institutions Division website, Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=07430055. Petitioner was sentenced to 15 years of imprisonment. He appealed his conviction to the Twelfth Court of Appeals, which affirmed the judgment of the trial court. The Texas Court of Criminal Appeals granted petitioner an extension of time to file a petition for discretionary review on May 23, 2011. However, the extension of time expired on December 22, 2011, without a petition for discretionary review being filed. *See* https://search.txcourts.gov/Case.aspx?cn=PD-0763-11&coa=coscca.

Petitioner filed a state application for writ of habeas corpus on April 27, 2017. The petition was denied by the Texas Court of Criminal Appeals without written order on June 21, 2017. *See* https://search.txcourts.gov/Case.aspx?cn=WR-86,749-01&coa=coscca.

Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244, by imposing a one year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. Title 28 U.S.C. § 2244(d)(1), as amended, provides as follows:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing an application by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner was convicted on July 22, 2009, and his petition for discretionary review was dismissed by the Texas Court of Criminal Appeals on December 22, 2011, after time expired for petitioner to file a petition. Thus his conviction became final on December 22, 2011. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Accordingly, the limitations period expired on December 22, 2012, absent any tolling.

Petitioner filed his application for writ of habeas corpus in state court on April 27, 2017, and the application was denied on June 21, 2017. However a state application for writ of habeas corpus which is filed after the federal limitations period has expired does not revive any portion of the fully-expired limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). As

petitioner's state application for writ of habeas corpus was not filed until after the expiration of the one year limitations period, the filing of the application did not serve to toll the limitations period.

This federal petition is considered to have been filed on March 10, 2022, the date petitioner states he delivered the petition to prison officials for mailing to the court. However, the period of limitations had expired more than nine years earlier. As a result, this petition for writ of habeas corpus is barred by the applicable statute of limitations and should be dismissed.

This petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling for such a lengthy delay in filing the petition. As a result, this petition is barred by the applicable statute of limitations and should be dismissed.

## Recommendation

This petition for writ of habeas corpus should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge contained herein. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

SIGNED this 13th day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge